# BALTIMORE CITY COURT

Filed March 6, 1889.

SELDEN & COMPANY
VS.
SNOW, CHURCH & COMPANY OF
BALTIMORE CITY.

*Charles Poe* and *Charles A. Boston*
for plaintiffs.

*Arthur George Brown, Leigh Bonsal*
and *Edgar G. Miller, Jr.*, for defendant.

DENNIS, J.—

This bill is filed by the plaintiffs, who claim the exclusive right to the use of the name Snow, Church & Co., in this city, in connection with their law and collection agency, to restrain the defendant from the use of that name. The defendant was incorporated on the 17th of January, 1889, under the general law, under the name of Snow, Church & Company of Baltimore City, for the purpose of conducting a law and collection agency in this city. If therefore the plaintiffs are entitled to the exclusive use of that name as claimed by them, the relief asked must be granted, for the incorporation of the defendant under the identical name, and its undertaking to do business accordingly is a manifest infringement of the plaintiffs' right. The primary consideration in cases of this character is always as to the plaintiffs' own title, and if they do not clearly establish their exclusive right to the use of the disputed name, they are in no position to ask the Court to restrain its use by another. In this case the plaintiffs' title is disputed by the defendant upon two grounds. First. It denies that the plaintiffs ever had the exclusive right to the name. Second. It alleges that whatever right they may at one time have had has been lost by their abandonment of it. Assuming, for the purpose of the present argument, that the original title of the plaintiffs to the disputed name was free from doubt, I am of the opinion that their own acts and declarations have amounted to a full and complete abandonment. That the exclusive right to a trade name may be lost by abandonment has been said to be too clear for argument. (Sebastian on Trade-Marks, 99).

Whether there has been an actual abandonment or not is always a question of intention, and this intention may be shown, as in other cases, either by the expresss declarations of the party abandoning, or by such acts and conduct on their part as clearly to warrant the inference of such intention. The burden of proof is, however, upon the defendants to establish the abandonment where the plaintiffs have shown their right at one time to the exclusive use of the name.

The facts bearing on this question in the present case are as follows:

In 1877, John F. Snow and Walter L. Church established in this city a law and collection agency, under the firm name of Snow, Church & Co.; prior to that time the same parties had established in various other cities offices for the conduct of the same business under the same name. In 1878 Snow and Church dissolved their partnership, Snow taking the business and the right to use the firm name in points east of Cincinnati, and Church retaining similar rights as to that city and all points west of it. Snow continued the business under the firm name in this city as sole owner until November, 1884, when Bolling Selden, one of present plaintiffs, became a partner with him. This partnership under the same firm name continued until December, 1885, when it was dissolved, Selden thereafter, and until October 1, 1888, conducting the business here under the same name, only with the addition of the words "of Baltimore." On October 1st, 1888, Selden sold one-half interest in his business in this city to Chas. Poe, the other plaintiff in this case. Simultaneously with the formation of this partnership the new firm issued a circular which was sent to all of their subscribers, to their various correspondents and attorneys throughout the country, who had claims for them in hand for collection, and which was generally circulated among all those with whom they did business. This circular stated that the present plaintiffs had that day formed a co-partnership under the firm name of Selden & Company for the conduct of the general law and collection busi-

ness in the cities of Baltimore, Philadelphia, New York and Boston. It contained also upon the same paper, and just below the foregoing announcement, the following notice, signed by Selden: "I beg to announce that I have discontinued the use of the firm name of Snow, Church & Co., 'of Baltimore' and have formed a co-partnership, as shown by the above notice. The firm of Selden & Co., will still occupy the offices in Baltimore, so long used by the old firm, where the same clerks will be retained." The parties had already made preparations to open a New York office under the new firm name of Selden & Co., and this plan was shortly afterwards carried out, the partners alternating weekly in their attendance between the two offices. At the time of the dissemination of the above circular various other means were taken by the plaintiffs to impress upon the public still more emphatically their abandonment of the old firm name and the substitution thereof of the new. The large signs upon the windows and over the door of the offices in this city, which bore the name of Snow, Church & Co., were removed, and others bearing the new name of Selden & Co., were put in their places. The old business cards, bearing the name of Snow, Church & Co., were destroyed, and new ones, bearing the name of Selden & Co., were printed and have ever since been used. For the old contracts with subscribers which ran in the name of Snow, Church & Co., new ones were prepared in the name of Selden & Company, and whenever the contracts with the old subscribers have expired since October 1st, or new subscribers have been obtained, these new contracts have been used. Before October 1, the bank account was in the name of Snow, Church & Co., but no deposits have been made on that account since that date, and it consists of only money enough to meet outstanding checks and will be closed when these checks come in, and a new account has been opened in the name of Selden & Company, in which all money received since October 1, is deposited. All checks, drafts, letters and telegrams, which were previously signed Snow, Church & Co., are now signed Selden & Company. The monthly reports containing the list of debtors sent out by the plaintiffs, which were in the name of Snow,

Church & Co., are now published in the name of Selden & Company, in fact upon every piece of printed matter which the plaintiffs have ordered for their use since October 1, with the exception of a few postal cards which were ordered after the defendant was organized and on the very day the plaintiffs wrote to the defendant notifying it that they laid claim to the old name, the name of Selden & Company appears where formerly the name of Snow, Church & Co. appeared. The postoffice box which formerly stood in the name of Snow, Church & Co., has been changed to the name of Selden & Company. In the printed telephone list the name of Snow, Church & Co., was ordered out and Selden & Company substituted. In the directory for 1888 the name of Snow, Church & Co., appeared; by express directions of the plaintiffs it was left out in the volume for 1889, and Selden & Company inserted. In short every visible and public sign of their connection with Snow, Church & Co., was obliterated by the plaintiffs, and every effort made to impress upon the public the fact of their discontinuance of that name and substitution therefor of the name of Selden & Company. Nor is this all; for in his testimony taken in this case the plaintiff Selden says he desires and intends to do business and be known by the firm name of Selden & Company. We have then the formal and emphatic public announcement, made by the plaintiffs at the time of the formation of their partnership, of their actual abandonment of the old name, and the adoption of the new; we have in the line and in pursuance of that determination the various acts above detailed, which not only furnish the highest evidence of an absolute intention to abandon the old name, but each of which is in itself an act of abandonment; and finally we have the admission of one of the plaintiffs, made during the progress of the case, of his desire and intention to be known by the new name. It is hard to conceive how a case of abandonment of a firm name could be more completely made out.

None of the above facts are disputed. No explanation of them is offered— nor can any be made—consistent with the contention of the plaintiffs that they never intended to abandon the old name. They rely for proof of their

intention to retain the old name wholly upon the following facts: 1st, a notice published on October 8, 1888, in the daily papers; and 2nd, that the stationery belonging to the old business upon the heading of which was the name of Snow, Church & Co., was still used by them. The notice was as follows: "Special notice—We will continue to occupy the offices in the Ward Building, N. E. corner of Charles and Baltimore streets, formerly occupied by Church & Co., 'of Baltimore', which firm we succeed in business. [Signed.] Selden & Company." These were the facts in regard to the stationery. On October 1st, when the new partnership was formed, there was on hand a large amount of old stationery, upon the headings of which was printed the name of Snow, Church & Co. Upon all this stationery over the name of Snow, Church & Co., the plaintiffs had stamped in red ink the words "Selden & Company successors to"—and this stationery, thus stamped, has been used by the plaintiffs, so long as the supply in any particular line lasted, since the formation of their partnership. The witness Ward, formerly the manager of the plaintiffs' business, testified that this was done for the sake of economy, in order to be able to utilize the large amount of stationery, which would have been otherwise valueless, and Selden, in testimony, admits that it was done "for economy and other reasons."

But however this may be, and drawing the most liberal inference in favor of the plaintiffs from their use of this stationery and from the notice, what does it prove? Simply that they are the successors to the business of the old firm of Snow, Church & Co. This fact is not disputed; it is conceded that all the business which was entrusted to the old firm and which is not yet completed, belongs to the plaintiffs, but that is not the issue.

The question with which we have to deal is not whether the plaintiffs are entitled to the business of the old firm of Snow, Church & Co., but whether in succeeding to that business they have shown an intention to continue the use of the old firm name, and upon this point the notice and the use of the stationery stamped as it is furnish evidence against the plaintiffs' position. The notice is signed Selden & Company, and every piece of stationery

used by them, whether check, draft, telegram, letter or other written or printed matter is also signed in that name. Manifestly the test by which we are to determine what the firm name of a concern is, must be the signature; it furnishes the best and most conclusive evidence, and we find that not once since October 1st, have the plaintiffs signed any paper with the name of Snow, Church & Co., or Selden & Company, successors to Snow, Church & Co.; but every signature has been with the name of Selden & Company. This fact, taken in connection with their formal announcement to the public of their intention to use the new name, is proof as strong as any of the other facts heretofore recited of their final and deliberate abandonment of the old name.

Being of the opinion, therefore, that the abandonment is clearly and fully established, the bill must be dismissed.